FLEXITYPE & DOUGLAS OFFSET COMPANY v DEPARTMENT
OF TREASURY, REVENUE DIVISION

Taxation—Sales Tax—Tangible Personal Property—Statutes.

A commercial printing company which performed a service for a
utility company by printing its company magazine, with the
utility company furnishing almost everything in regard to the
production of the magazine, the paper, the subject matter, and
the completed art work, and with the typesetting being per-
formed by a third party, was not required to charge a sales tax
to the utility company, where the printing company's only
function was to print the magazine, assemble it into a finished
product, and deliver it to the utility company, because the
printing company did not make a sale at retail of tangible
personal property since it never owned either the tangible or
intangible content of the finished product (MCLA 205.51 *et
seq.*).

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted Division 2 December 4, 1973, at Lansing.
(Docket No. 16686.) Decided March 7, 1974.

Petition by Flexitype & Douglas Offset Company
to void an assessment of sales tax by the Michigan
Department of Treasury, Revenue Division. The
State Board of Tax Appeals made a determination
of no tax liability. Defendant appealed to Ingham
Circuit Court. Affirmed. Defendant appeals by
leave granted. Affirmed.

*Fischer, Franklin & Ford* (by *P. D. Conner*), for
plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Sales and Use Taxes §§ 124, 125.

*Derengoski,* Solicitor General, and *James B. Saunders* and *Thomas J. Giachino,* Assistants Attorney General, for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Flexitype & Douglas Offset Company, a commercial printing company operating in Detroit, contracted with Detroit Edison to print their company magazine, the "Synchroscope". The magazine was printed and circulated on a monthly basis to Detroit Edison's employees. Detroit Edison furnished almost everything to Flexitype in regard to the production of the magazine. Edison furnished the paper, the subject matter and the completed art work. The typesetting was performed by a third party. Appellee's only function was to print the magazine, assemble it into a finished product and deliver it to Detroit Edison. Appellee then billed Detroit Edison and no sales tax was charged.

On December 27, 1968, the Michigan Department of Treasury, Revenue Division, issued sales tax assessments against appellee for the period covering the time that appellee was performing this printing service for Detroit Edison. Appellee filed a petition with the State Board of Tax Appeals seeking a hearing on this question of whether the state sales tax is applicable to appellee's work for Detroit Edison. On March 16, 1972, the State Board of Tax Appeals issued an opinion and order reversing the revenue division's tax assessments and saying that the gross proceeds from this work were not subject to the state sales tax. The board found that the appellee did not

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

make a sale at retail of tangible personal property since it never owned either the tangible or intangible content of the finished product.

On March 24, 1972, the Revenue Division of the Department of Treasury filed a claim of appeal pursuant to MCLA 205.9; MSA 7.657(9) seeking as a matter of law to reverse the March 16 opinion and order. The proceeding was in Ingham County Circuit Court on a motion for summary judgment under GCR 1963, 117.2(1) and 117.2(2).

On January 30, 1973, Judge Jack W. Warren of the Ingham County Circuit Court bench denied the appeal of the revenue division and upheld the findings of the State Board of Tax Appeals. Specifically, Judge Warren found that the appellee did not transfer "ownership" of any tangible personal property. Leave to appeal from the circuit court order was granted on June 5, 1973.

We approach our decision in this case cognizant of the narrow scope of our review in appeals from decisions of the State Board of Tax Appeals.[1] There are no disputed questions of fact. The entire proceedings, in the tax court and the circuit court, were upon stipulated facts.

At all times pertinent to this litigation the Michigan General Sales Tax Act (MCLA 205.51 *et seq.;* MSA 7.521 *et seq.)* provided for a tax on gross proceeds of all sales at retail (MCLA 205.52; MSA 7.522).

The statute defined gross proceeds in part as

---

[1] MCLA 205.9; MSA 7.657(9) provides, *inter alia,* "[t]he department shall have the right of appeal from the state board of tax appeals on questions of law to the circuit court for the county of Ingham". Appellee cites *Jerry McCarthy Highland Chevrolet Co, Inc, v Department of Revenue,* 351 Mich 558; 88 NW2d 383 (1958), for the proposition that the board's finding that there was no "sales at retail" was a nonreviewable finding of fact. This reliance is misplaced. The issue here, where the factual aspects are not in question, requires only that there be a proper application of the law to the facts.

amounts received from "sales at retail" within the state (MCLA 205.51[h]; MSA 7.521[h]).

Sale at retail is defined in the statute and, in this case, is determinative of this appeal. The statute as it was worded at the applicable time provided:

"The term 'sale at retail' means any transaction by which is transferred for consideration *the ownership of tangible personal property * * * .*" MCLA 205.51(b); MSA 7.521(b). (Emphasis supplied.)

The taxpayer contended that there was no "sale at retail" because there was no transaction which transferred the *ownership* of tangible personal property. The State Board of Tax Appeals agreed and in their opinion stated:

"Appellant herein did not make a sale at retail of tangible personal property as claimed by appellee since it never owned either the tangible or intangible content of the finished product. From the very beginning, appellant's customer, the Detroit Edison Company, was in complete control and ownership of the tangible and intangible content of its magazine. Since the Detroit Edison Company did not make a later sale of the magazine, it was not only the producer and owner of same, but also the ultimate consumer."

On appeal by the revenue division to the circuit court this decision was affirmed. In this case we agree with the application of these facts to the law and accordingly affirm the State Board of Tax Appeals and the decision of the circuit court.

Affirmed. Costs to appellee.