BOOKER *v*. EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION—DISQUALIFICATION FOR BENEFITS—MISCONDUCT—INTOXICATION.

Finding of referee and appeal board of employment security commission that claimant was disqualified for unemployment compensation benefits because of misconduct connected with his work is affirmed as not being against the great weight of the evidence, where supported by testimony that he worked in an assembly department where there was moving machinery

REFERENCES FOR POINTS IN HEADNOTE

48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 38.

Discharge for absenteeism as affecting right to unemployment compensation. 41 ALR2d 1158.

What amounts to "misconduct" which preclude benefits under unemployment compensation act to discharge employees. 146 ALR 243.

and conveyors, that he had been penalized for absenteeism, tardiness, and infractions of company rules for intoxication, warned against repetition, and was discharged after he had presented himself for work in an intoxicated condition (CLS 1956, §§ 421.29, 421.38).

Appeal from Wayne; Weideman (Carl M.), J. Submitted November 5, 1962. (Calendar No. 38, Docket No. 49,464.) Decided March 8, 1963.

Nathaniel Booker presented his claim for unemployment compensation, which was denied with finding of disqualification because of misconduct connected with his work. Upon certiorari joining the Michigan Employment Security Commission, its appeal board, and the employer, Chrysler Corporation, as defendants, circuit court affirmed decision. Plaintiff appeals. Affirmed.

*Henry Glicman,* for plaintiff.

*A. William Rolf (Dickinson, Wright, McKean & Cudlip,* of counsel), for defendant Chrysler Corporation.

BLACK, J. This case was regularly assigned to former Justice ADAMS. The opinion, quoted below, was prepared by him and submitted to other members of the Court prior to his leaving the bench. It concludes with devotional address to the principle that the scope of judicial review of administrative decisions is limited according to the views expressed by our majority in *Miller* v. *F. W. Woolworth Co.,* 359 Mich 342, and in *Bedwell* v. *Employment Security Commission,* 367 Mich 415.*

---

* To same effect, see opinion concurring in reversal, *Lyons* v. *Employment Security Commission,* 363 Mich 201, 228.

I adopt Justice ADAMS' opinion and submit it to the profession as follows:

Plaintiff appeals from a decision of the circuit court affirming decision of the appeal board and the referee that claimant was not entitled to unemployment compensation.

Witness Hildebrandt, a plant protection guard, testified he noticed claimant staggering as he was coming to work. He was about 100 feet away and coming toward the gatehouse on company property when Hildebrandt first noticed him. He stopped claimant and detected the odor of alcohol on his breath. He testified that his eyes were glassy and that he was belligerent and incoherent in his speech. Hildebrandt informed him his condition would not warrant entrance. Claimant's department was called.

Witness Shier testified that claimant worked under his general supervision on assembly in an area where there were moving machinery and conveyors. After receiving the guard's call and before going to the gatehouse, Shier checked claimant's work record. The record showed absenteeism, tardiness, and infractions of company rules for intoxication. It also showed that when last penalized for absenteeism about 6 months earlier claimant was warned he would be discharged upon repetition of such offenses. Shier made up discharge papers to give to claimant if he was in fact under the influence of alcohol. Shier then talked to claimant at the gatehouse, detected the odor of alcohol, noted claimant was incoherent and slurred his talk. Shier concluded that claimant was under the influence of alcohol, unfit to work, and served claimant with the discharge.

Claimant Booker testified that he had had 2 beers earlier in the day. He insisted he was not drunk and denied that he argued with the guard. It is Booker's claim that when Shier arrived, he tried immediately to serve the discharge without even

questioning claimant. When Shier stuck the discharge in claimant's pocket, claimant pleaded with Shier but Shier just insisted that he was drunk.

Following his discharge, claimant went to the union office and spoke to one Szymanski. Szymanski told claimant he did not look drunk and Szymanski so testified at the hearing. Claimant admitted that he had been warned twice for reporting to work under the influence of alcohol and that he had been penalized previously for tardiness and absenteeism.

It is claimed that Shier improperly testified to matters which were not within his personal knowledge. It is difficult to determine which portions of his testimony were based on personal knowledge, and which portions were based upon the written record of appellant's past history. However, it is apparent that Shier had personal knowledge of a substantial number of events pertaining to Booker's history, and error in this regard, if any, was corrected by appellant's own testimony with regard to his prior record.

Section 29 of the employment security act provides:

"Sec. 29. (1) An individual shall be disqualified for benefits:

"(a) For the duration of his unemployment in all cases where the individual has: (1) left his work voluntarily without good cause attributable to the employer or employing unit, or (2) has been discharged for misconduct connected with his work or for intoxication while at work." CLS 1956, § 421.29 (Stat Ann 1960 Rev § 17.531).

Plaintiff was not at work when he was discharged, nor does the employer claim Booker was discharged for intoxication while at work. It is the employer's claim that Booker was discharged because of a long history of absenteeism, tardiness, and intoxication.

The question is whether or not such actions constituted "misconduct connected with his work." The final incident that resulted in claimant's discharge was one of a series of acts evincing a wilful disregard of his employer's interests. Conduct within the statutory meaning of misconduct may consist of a series of incidents as well as a single incident. See controlling opinions of Justices BLACK and DETHMERS in *Miller* v. *F. W. Woolworth Co.,* 359 Mich 342. The total picture here presented of claimant's conduct, culminating in his presenting himself for work in an intoxicated condition, supports the finding of the referee and the appeal board that plaintiff was disqualified under the aforesaid language of the statute for "misconduct connected with his work."

"Our function is exhausted once it is found, as we have found, that the evidentiary record permitted the appeal board to draw such conclusion." *Peaden* v. *Employment Security Commission,* 355 Mich 613, 631. (Quoted with approval in *Bedwell* v. *Employment Security Commission,* 367 Mich 415, 422.)

The appeal board's decision is affirmed, with costs to defendant and appellee.

KAVANAGH, J. (*concurring*). The facts necessary to a decision of this case are set forth in the opinion of Justice ADAMS, adopted by Justice BLACK, and, therefore, we will not repeat them except to say plaintiff was not at work when he was discharged, nor does the employer claim Booker was discharged for intoxication while at work. It is the employer's claim that Booker was discharged because of a long history of absenteeism, tardiness, and intoxication. The question is whether or not such actions constituted *"misconduct connected with his work."* The final incident that resulted in claimant's discharge was one of a series of acts evincing a wilful disregard

of his employer's interests. Misconduct within the meaning of the statute may consist of a series of incidents as well as a single incident. See *Miller v. F. W. Woolworth Co.,* 359 Mich 342.

The scope of judicial review of the decisions of the referee and appeal board of Michigan employment security commission has been the subject of extended discussion in the last several years. We agree with the conclusions reached by Justice Souris on this subject set forth in *Wickey* v. *Employment Security Commission,* 369 Mich 487. We particularly agree with that portion of his decision which indicates section 38 of the Michigan employment security act* does not limit the judiciary's power to review determinations of issues of law as distinguished from issues of fact. It simply limits the court's powers to reverse a decision of the referee or appeal board upon a question of fact if it determines the findings of either to be "contrary to the great weight of the evidence."

We believe that some of the confusion apparent from a review of the numerous cases decided by this Court during the last few years comes as a result of the failure to recognize that we are dealing in employment compensation appeals with the language of a particular statute which differs from all other administrative agency statutes in this State as well as Federal administrative agency statutes;

---

* Section 38 of the Michigan employment security act (CLS 1956, § 421.38 [Stat Ann 1960 Rev § 17.540]) reads in part:

"The findings of fact made by the appeal board acting within its powers if supported by the great weight of the evidence, shall, in the absence of fraud, be conclusive, but the circuit court of the county, in which the claimant resides or in which the employer's principal place of business in Michigan is located, if no claimant is a party to the case, or the circuit court for the county of Ingham shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final decision, but said court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence."

therefore, the usual rules of law on appeals from administrative agencies do not apply in Michigan with reference to the employment security act.

An analysis of the cases dealing with judicial review under the employment security act, beginning with *Knight-Morley Corporation* v. *Employment Security Commission,* 350 Mich 397, and running through *Miller* v. *F. W. Woolworth Company,* 359 Mich 342, demonstrates very clearly the difficulty in determining what is a question of law; what is a question of fact; and what the scope of judicial review is when there is a mixed question of law and fact.

It seems to me that no trouble exists as to the procedure on review by the trial court or this Court when there is a strict question of law. We may differ as to the law but not as to the scope of our method of review.

It appears to be equally true when there is a strict question of fact that our scope of review is limited to a determination as to whether the great weight of the evidence supports the finding of the referee and the appeal board. If it does, we affirm. If it does not, we reverse.

Our difficulty comes when it is necessary to determine what procedure to follow when there is a mixed question of law and fact. We conclude the proper procedure is as follows: When we determine the facts found by the referee and appeal board are supported by the great weight of the evidence, and the law has been correctly applied to those facts, we affirm. If, however, on an examination of the record we find the conclusions of fact made by the referee or the appeal board are not supported by the great weight of the evidence, then we reverse that finding and apply the statutory law to the facts disclosed by the record.

In all the cases from *Knight-Morley, supra,* to

*Bedwell* v. *Employment Security Commission,* 367 Mich 415, a majority of the Court seems to have properly applied in each case these rules of law. If *Bedwell* does establish a new rule, and we read it to so establish one, then we believe *Bedwell* is in error. It quotes (p 422) from the minority opinion in *Peaden* v. *Employment Security Commission,* 355 Mich 613, 631, as follows:

"Our function is exhausted once it is found, as we have found, that the evidentiary record permitted the appeal board to draw such conclusion."

If *Bedwell* intends to lead us to the restrictive "any evidence" limitation both on the questions of law and fact, then we hereby reverse *Bedwell.*

An examination of the record in the case before us discloses that the great weight of the evidence supports the findings of fact of the referee and the appeal board. The finding of the referee was as follows:

"It is found that the claimant was discharged from the employ of the Chrysler Corporation on.September 12, 1960, because of a record of infractions, including reporting for work while under the influence of alcohol, about which he had been warned, and for his appearing for work on September 12th with the odor of alcohol on his breath. It is found that the claimant was not discharged on September 12th because of 'intoxication while at work.'"

The referee further found:

"The record adequately shows that the discharge of the claimant was for the accumulation of offenses committed after warnings, climaxed by his attempt to report for work on September 12th with alcohol on his breath or under the influence of alcohol."

On the record supporting the long history of absenteeism, tardiness, and intoxication, we are

asked to determine whether or not these constitute "misconduct connected with his work" to the extent that plaintiff would be disqualified for benefits under the Michigan employment security act, section 29(1)(a). We conclude that it does. Therefore, the decisions of the referee, the appeal board, and the circuit court are affirmed.

We conclude that the trial court was in error in holding that "the reviewing circuit court on statutory certiorari to the appeal board of the employment security commission does not pass on the weight of the evidence nor on the credibility of the witness before the board, and the board's finding should not be reversed where there is no total lack of evidence to support the finding made when the total evidence adduced is considered." We recognize this statement is taken from syllabus 5 of *Miller* v. *F. W. Woolworth Company,* 359 Mich 342. However, the majority decision in that case does not support syllabus 5. A reference to the case will so disclose.

As above pointed out, even applying the correct rules of law, the result must be affirmation of the decisions of the referee, appeal board, and circuit court. We do not reverse when the trial court reaches a correct result although for a wrong reason. See *Templin* v. *Township of Nottawa,* 362 Mich 257, and cases therein cited.

The judgment of the court below affirming the decision of the appeal board and the decision of the referee is affirmed. Defendants shall have costs.

SOURIS, J. (*concurring in affirmance*). I concur in affirmance. Claimant's conduct, as found factually by the referee and the appeal board, falls within the statutory meaning of misconduct as recently construed by a majority of this Court in *Miller* v. *F. W. Woolworth Co.,* 359 Mich 342. The findings of fact made by the referee and the appeal board are not

against the great weight of the evidence. CLS 1956, § 421.38 (Stat Ann 1960 Rev § 17.540).

CARR, C. J., and DETHMERS, KELLY, and OTIS M. SMITH, JJ., concurred with SOURIS, J.

O'HARA, J., took no part in the decision of this case.