GIDDENS *v.* EMPLOYMENT SECURITY COMMISSION.

1. EVIDENCE—BUSINESS RECORDS—ADMISSIBILITY.

Records admitted into evidence under statute pertaining to use of business records as evidence need not be original entries or records, the statute being satisfied if the writing or record is made in the regular course of business (CLS 1961, § 600-.2146).

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence §§ 1043–1045.
[2, 3] 20 Am Jur, Evidence §§ 1043, 1045.
  48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 43, 44.
[4] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 43, 44.
[5–7] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 38.
[7] Discharge for absenteeism as affecting right to unemployment compensation. 41 ALR2d 1158.

2. UNEMPLOYMENT COMPENSATION—HEARING—EVIDENCE—BUSINESS RECORD.

Record of employee's work, kept by employer in regular course of business, *held*, properly received in evidence in hearing before employment security commission referee, where neither employer nor employee were represented by a lawyer, even though there was no testimony by one presenting the records that they were made by him or under his supervision (CLS 1961, § 600-.2146).

3. SAME—BUSINESS RECORD—WEIGHT OF EVIDENCE.

Lack of personal knowledge, by entrant or maker, of facts in business record admitted into evidence at hearing before employment security commission referee, where one presenting the record as evidence testifies that it was made in normal course of business but there is no testimony that he made it or it was made under his supervision, may go to the weight to be given such record but not its admissibility (CLS 1961, § 600.2146).

4. SAME—HEARING—RULES OF EVIDENCE.

Rigorous and technical adherence to rules of evidence in hearing before employment security commission referee may not be exacted so long as rules of procedure permit employer and employee to appear before referee without counsel, thus requiring the referee to raise *sua sponte* the niceties of evidence.

5. SAME — MISCONDUCT CONNECTED WITH WORK — SERIES OF INCIDENTS.

Misconduct connected with work, to disqualify employee for unemployment benefits, consisting of a series of incidents sufficient to justify discharge of employee need not culminate in an incident closely allied in time or tenor with previous incidents (CL 1948, § 421.29, as amended by PA 1963, No 226).

6. SAME—MISCONDUCT CONNECTED WITH WORK—FINAL INCIDENT.

Final incident of a series of incidents of misconduct which justify discharge of employee may be an infraction unrelated to previous infractions which demonstrates conclusively the employee's utter disregard for employer's interest (CL 1948, § 421-.29, as amended by PA 1963, No 226).

7. SAME—MISCONDUCT CONNECTED WITH WORK.

Employee's absence from work for two days without notifying employer of absence or requesting permission, *held*, to constitute misconduct connected with work justifying discharge, where employer's work record showed numerous prior incidents

for which employee was disciplined, and a last-chance state-
ment in his record (CL 1948, § 421.29, as amended by PA 1963,
No 226).

Appeal from Wayne; Rashid (Joseph G.), J.
Submitted Division 1 May 31, 1966, at Detroit.
(Docket No. 430.) Decided October 11, 1966. Leave
to appeal denied by Supreme Court December 19,
1966. See 378 Mich 744.

Marlin E. Giddens, Jr., presented his claim for
unemployment compensation after being discharged
from employment by defendant General Motors
Corporation (Fisher Body Division), a Delaware
corporation. A referee of the employment security
commission found that the cause of discharge did not
disqualify him for benefits. Employer appealed,
and the appeal board of the employment security
commission reversed the referee's determination.
Plaintiff appealed to Wayne circuit court, which
affirmed the appeal board. Plaintiff appeals. Af-
firmed.

*Stephen I. Schlossberg, John A. Fillion, Bernard
F. Ashe,* and *Jordan Rossen,* for plaintiff.

*Aloysius F. Power* (*K. Douglas Mann* and *Rich-
ard E. Helms,* of counsel, for defendant General
Motors Corporation.

FITZGERALD, J. Claimant was an intermittent em-
ployee of defendant from 1955 to his discharge on
October 21, 1963.

The events leading to his discharge began with
completion of his work shift which had begun at
5 p.m., October 16, 1963. After going home and
sleeping, claimant was awakened early the next
morning by his wife and shown a letter from the
Wayne county prosecutor's office involving a domes-
tic relations matter arising from his first marriage.

Claimant telephoned his attorney who advised him to come to his office the following day. Though he was due to report for work at 5 on the 17th, claimant did not do so, contending he was emotionally upset. On the 18th, claimant kept his appointment with his attorney and conference between claimant, his attorney, and an assistant prosecuting attorney was held on October 18th and concluded at approximately 3 p.m. Following this, claimant proceeded to his credit union to get a loan to assist him in his financial difficulties. He then reported to defendant employer and requested and received his paycheck in advance of the time he would automatically be paid. Claimant cashed the check at the credit union prior to the start of his work shift, but again did not report for work that day.

The record demonstrates that claimant did not call the employer on either October 17th or 18th to request permission for absence, but did report to work on his next working day, October 21st. He was summoned at that time to a meeting before a labor relations representative of the employer and was represented by his union. Following this meeting, claimant was discharged under the provisions of shop rule No 39, "Repeated violations of shop or safety rules".

Claimant requested a hearing before a referee. Two hearings were held in January, 1964. Following those hearings, the referee held that the claimant was not guilty of misconduct as defined in the employment security act. Following proceedings before the appeal board, that body issued a decision reversing the referee and holding that claimant had been discharged for "misconduct" within the meaning of the act and was disqualified for unemployment compensation benefits.* Application for rehearing

---

* See CL 1948, § 421.29, as amended by PA 1963, No 226 (Stat Ann 1963 Cum Supp § 17.531).—REPORTER.

was denied and claimant filed a claim of appeal to the circuit court for Wayne county. That court, issuing an opinion dated September 22, 1964, adopted the appeal board's decision. Further oral argument was held before the circuit court and a second opinion issued on November 20, 1964, supplementing the earlier opinion entering a judgment affirming the decision of the appeal board. Leave to appeal was granted by this Court on February 17, 1965.

Two main issues may be extracted from the voluminous briefs filed by counsel in this case. The first revolves around the introduction of evidence and the competency thereof at the referee level, and the second flows therefrom, asking whether, if competent, the evidence demonstrates misconduct within the purview of the employment security act.

It should be noted at the outset that neither employee nor employer were represented by counsel at the hearings before the referee. The bone of contention between the parties is whether claimant's work record was properly accepted into evidence by the referee.

Employer's representative, Mr. Nicholas M. Michels, who represents the defendant employer in handling benefit claims but who is not an attorney, testified as follows:

"I am employed in the industrial relations department in the capacity of supervisor in the handling of benefit claims, on which unemployment compensation is a portion of the activity. As such I have records relating to Marlin E. Giddens. These records have been made in the normal course of business."

There was no testimony that these records were prepared by Mr. Michels or anyone under his supervision. He was allowed to read from claimant's

work record and following this, attempted to introduce a record of a meeting of October 22, 1963, but this was denied by the referee in the words, "This other, I will not admit. There is nobody here can testify as to what happened on that day."

Claimant maintains that the purported work record of the claimant was not competent evidence and defendant counters by saying that where testimony is presented by a supervisor of an employer's industrial relations department from records of the employer made in the regular course of business and produced at the hearing and no objection is made to its contents or the manner of its presentment, it is not error for the appeal board to consider and give weight to such testimony.

With the employer's position, the circuit court, on appeal, agreed in these words:

"The plaintiff's work record was in the possession of one Nicholas Michels, supervisor of benefit claims, industrial relations department, who testified on behalf of the employer. Mr. Michels testified as follows:

" 'I am Nicholas M. Michels and I am employed with the Fisher Body Division, General Motors Corporation, specifically the Fleetwood plant. I am employed in the industrial relations department, in the capacity of supervisor in the handling of benefit claims on which unemployment compensation is a portion of the activity. As such, I have records relating to Marlin E. Giddens. These records *have been made in the normal course of business.'*

"From that point on, the witness, Michels, testified from the foregoing employment records in his possession.

"Quoting further from the record, Mr. Michels, on page 5 of the transcript of the testimony, testified as follows:

" 'In a review of Mr. Giddens' record, we find that on February 6, 1959, Mr. Giddens was reprimanded

for his violation of plant shop rule No 6, which I quote as follows:

" ' "Absence without reasonable cause."

" '*Referee:* Mr. Michels, are you testifying from records kept in the ordinary normal course of business?

" '*Mr. Michels:* Yes, I am; I have stated such.'

"The foregoing record indicates that the referee exercised great care to ascertain whether or not the records from which witness Michels was testifying were kept in the ordinary normal course of business. Having so found, the referee admitted the same.

"These records made in the usual course of business are admissible pursuant to CLS 1961, § 600.2146 (Stat Ann 1962 Rev § 27A.2146) which reads as follows:

" 'Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility. The term "business" shall include business, profession, occupation and calling of every kind. The lack of an entry regarding any act, transaction, occurrence or event in any writing or record so proved may be received as evidence that no such act, transaction, occurrence or event did, in fact, take place.'

"It is the opinion of this court that the records identified by Mr. Michels showing the work record

of the claimant as set forth in the transcript were admissible under the foregoing section of the statute.

"This court is satisfied that these were entries made in the regular course of business. It is elementary that such records were kept in the regular course of business in his capacity as supervisor in the industrial relations department. Certainly, this witness would have access to, and would be considered as the custodian of such books and records. It is clear from the record made, that the writings from which the witness was testifying, were memoranda of acts, transactions, occurrences, or events."

With this finding of the circuit court, we must agree. A clear reading of the statute favors the admission of evidence of the nature before us, at the same time, adding the proviso that other circumstances regarding the record, specifically lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility.

Counsel for claimant urged before the circuit court, and urges again here, that there is no showing that the purported work record was original. Nowhere does the statute require an original entry or record, the statute being satisfied if the writing or record is made in the regular course of business. The cases cited by claimant involving land contracts, letters, and other special documents, have no application here.

While the Court feels that the foundation for the document might have been better laid, so long as the rules of procedure before a referee permit employee and employer alike to appear before a referee *without counsel,* in effect mandating the referee to raise *sua sponte* the niceties of the rules of evidence, rigorous and technical adherence to those rules may not be exacted upon appeal if the Court is satisfied

on the entire record before it that the findings of the lower tribunal were correct.

While shaky, the foundation laid here for claimant's work record was sufficient to bring it competently before the referee for his consideration and the ensuing considerations of later tribunals and courts.

Having found that the work record of claimant was properly before the referee, we are met with the contention of claimant that the alleged series of acts of past conduct are remote in time from the last act and are not similar to such last. act, and therefore do not fall within the purview of *Miller* v. *F. W. Woolworth Company* (1960), 359 Mich 342.

Specifically, the board stated that it could not "be entirely certain that claimant's unexcused absence and failure to notify the employer of his absence was an intentional disregard of the employer's interest." The appeal board, however, found:

"That the claimant's failure to notify his employer that his absence of October 17, 1963, and his failure to report for work on October 18, 1963, coupled with his past pattern of behavior, establishes substantial disregard of the employer's interest and of the duties and obligations that the claimant owed to the employer."

A review of the entire record, including numerous disciplinary lay-offs finally culminating in a "last chance" statement, does not persuade us that the findings of the appeal board are contrary to the great weight of evidence. We find further that the requirements of *Miller, supra,* are satisfied.

A definitive interpretation of *Miller* is found in a more recent case of *Booker* v. *Employment Security Commission* (1963), 369 Mich 547, wherein Mr. Chief Justice KAVANAGH stated, "The final incident that

resulted in claimant's discharge was one of a series of acts evincing a wilful disregard of his employer's interests. Misconduct within the meaning of the statute may consist of a series of incidents as well as a single incident."

We find no mandate that the incident ultimately resulting in discharge must be closely allied in time or tenor. There is no requirement they all be of the same nature or the same type of infraction of rules. Indeed, if we were to sum up the latitude to be permitted an employer in dealing with a recalcitrant employee who has consistently demonstrated disregard for the employer's interests, we might call it a "last straw" doctrine in which the final infraction, though unrelated to previous infractions, is of such a nature that it demonstrates conclusively the employee's utter disregard for the employer's interests.

Claimant asks, in the alternative, should the circuit court be upheld, for a remand of this case to the referee or to the appeal board for the taking of further evidence. This, under the posture in which this case is presented, would be an exercise in futility and on this record is uncalled for.

Judgment of the court below affirming the decision of the appeal board is affirmed. Costs to appellees.

J. H. GILLIS, P. J., and QUINN, J., concurred.