WILLIAMS v. ARNOLD CLEANERS, INC.

1. UNEMPLOYMENT COMPENSATION — ADMINISTRATIVE RULES — EVI-
   DENCE — OFFERED EVIDENCE INCORPORATED IN RECORD.
   Employment security referee's failure to make discharged em-
   ployee's records a part of the hearing record was not a derelic-
   tion of his duty under the administrative code rule requiring a
   referee to make all competent, material and relevant evidence
   offered a part of the record in an administrative hearing;
   the procedure of allowing testimony relating to time records
   without demanding introduction of the records is acceptable
   if there is a foundation identifying such records and estab-
   lishing that they are kept in the ordinary course of business.
   (1967 AACS, R 421.524).

2. UNEMPLOYMENT COMPENSATION—ADMINISTRATIVE RULES—REF-
   EREE'S ASSISTANCE.
   Unemployment compensation referee's failure to admit into
   evidence check stubs offered by a discharged employee who
   was not represented by counsel did not constitute a violation
   of the administrative rule requiring a referee to aid and assist
   impartially an interested party who is without legal counsel,
   where the referee delayed consideration of the offered check
   stubs and the employee failed to raise the question again
   when asked if she had further comment. (1967 AACS, R
   421.525).

Appeal from Wayne, Horace W. Gilmore, J. Sub-
mitted Division 1 June 2, 1970, at Detroit. (Docket

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 455, 457.
[2] 29 Am Jur 2d, Evidence § 5.
   30 Am Jur 2d, Evidence §§ 868, 960.
   Necessity and sufficiency of renewal of objection to, or offer of,
   evidence admitted or excluded conditionally. 88 ALR2d 12.

No. 8,035.)  Decided August 3, 1970.  Leave to appeal denied December 3, 1970.  384 Mich 788.

The Michigan Employment Security Commission determined that plaintiff Louise V. Williams was entitled to unemployment compensation benefits after her discharge by her employer, Arnold Cleaners, Inc., for alleged misconduct.  The employer appealed.  Referee reversed determination.  Michigan Employment Security Appeal Board affirmed.  Plaintiff appealed to circuit court.  Affirmed.  Plaintiff appeals.  Affirmed.

*Harold White* and *James R. Short* (Wayne County Neighborhood Legal Services), for plaintiff.

*Lo Cicero & Wilkie,* for defendant Arnold Cleaners, Inc.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty,* Assistant Attorney General, for Michigan Employment Security Commission.

Before:  J. H. GILLIS, P. J., and LEVIN and BORRADAILE,[*] JJ.

PER CURIAM.  Louise Williams was employed by Arnold Cleaners, Inc., as a backroom manager and spotter from March 22, 1966 until October 21, 1967. She was discharged on that date for allegedly failing to perform part of her duties.  The employer claims that Mrs. Williams was responsible for shutting off the boiler before leaving work, and that on a number of occasions she failed to do so.  Following a determination by the Michigan Employment Security

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

Commission that Mrs. Williams was entitled to unemployment benefits, the employer submitted a protest of this determination. After a hearing, the referee found that Mrs. Williams was discharged for misconduct and therefore disqualified from unemployment benefits pursuant to MCLA § 421.29 (1)(b) (Stat Ann 1968 Rev § 17.531[1][b]). Subsequently, his findings were adopted as the decision of the Michigan Employment Security Appeal Board, and the Wayne County Circuit Court affirmed the decision of the appeal board.

Two issues are raised on this appeal to our Court: whether the referee held a proper hearing under the terms of Administrative Code, 1967 AACS, R 421.524 and R 421.525, and whether sufficient evidence was presented at the hearing to support the finding of a discharge for misconduct.

The referee allowed testimony relating to time records of Arnold Cleaners, Inc., but did not demand the introduction of the records into evidence. Rule 24 reads in part:

"(1) The referee shall conduct and control the hearing in such a manner as to develop the rights of the parties.

\*          \*          \*

"(2) The referee shall secure such competent, relevant and material evidence as he deems necessary to arrive at a fair decision. \* \* \* The referee shall conduct the hearing in such a manner that all competent, material and relevant evidence offered is made a part of the record."

Appellant contends that the failure to make the time records a part of the record was a dereliction of the referee's duty under the rule. However, in an administrative hearing, this procedure is acceptable

if there is a foundation identifying such records and establishing that they are kept in the ordinary course of business. For the purposes of this hearing such a foundation was established. *Giddens* v. *Employment Security Commission* (1966), 4 Mich App 526; *District Unemployment Compensation Board* v. *Wm. Hahn Co.* (1968), 130 App DC 254, (399 F2d 987).

Rule 25 states in part:

"When an interested party is not represented by legal counsel or an authorized agent, the referee before whom the hearing is taking place shall advise the party of his rights, aid him in examining and cross-examining witnesses, and give every assistance to the parties compatible with an *impartial* discharge of his official duties." (Emphasis added.)

Appellant claims that the referee did not give her the help demanded by the rule because he failed to admit into evidence check stubs offered by her. The referee delayed consideration of this evidence and, when appellant failed to raise the question again when asked if she had further comment, the matter of the check stubs was passed over. We find no violation of Rule 25.

The final issue raised is whether there is sufficient evidence to support a finding of discharge for misconduct. The testimony was conflicting but there was testimony to support each finding of fact by the referee. The general scope of judicial review of factual findings of administrative tribunals is that the court on appeal will not substitute its judgment on the facts for that of the fact-finding tribunal. *Knight-Morley Corporation* v. *Employment Security Commission* (1957), 350 Mich 397; *Bedwell* v. *Employment Security Commission* (1962), 367 Mich 415; *Dynamic Manufacturers, Inc.* v. *Employment*

*Security Commission* (1963), 369 Mich 556. The decision of the appeal board will be overturned only when it is contrary to law or not supported by competent, material and substantial evidence on the whole record. MCLA § 421.38 (Stat Ann 1968 Rev § 17.540); *Linski* v. *Employment Security Commission* (1959), 358 Mich 239; *Peaden* v. *Employment Security Commission* (1959), 355 Mich 613. The evidence in this case supports the decision of the referee.

Affirmed.