## SZYPA v KASLER ELECTRIC COMPANY

Docket No. 72137. Submitted April 16, 1984, at Detroit.—Decided July 9, 1984.

Claimant, William Szypa, left his employment with Kasler Electric Company and applied for unemployment compensation benefits. Szypa was initially determined to be disqualified for benefits because of having voluntarily left work without good cause. A hearing referee concluded that claimant had involuntarily separated from his employment because of a medical problem and was not disqualified because of voluntary separation. In so deciding, the referee disregarded as hearsay some evidence relating to misconduct on the part of claimant, confining his decision to the issue before him according to the notice of hearing. The employer sought review before the Employment Security Commission Board of Review, which found that sufficient evidence of misconduct was present to disqualify claimant from receiving benefits, although in its request for review the employer did not seek to establish that claimant had been discharged for misconduct. Claimant sought judicial review in the Wayne Circuit Court, which found that the board of review's decision was improperly based on an issue not properly before the board and that the decision was not supported by competent, material and substantial evidence on the record. The court, Thomas Roumell, J., reversed the board's decision and reinstated the ruling of the referee. The employer appealed. *Held:*

1. The referee properly restricted his decision to a consideration of the only issue on the notice of hearing, since no adjournment of the hearing was requested when the employer sought to introduce evidence of misconduct.

2. While the board of review may hear additional evidence upon written application of a party, the employer did not seek to establish claimant's misconduct. The board should have

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 426.
[1, 2] 76 Am Jur 2d, Unemployment Compensation § 92.
[2] 2 Am Jur 2d, Administrative Law § 547.
[3] 76 Am Jur 2d, Unemployment Compensation § 52 *et seq.*

directed that additional evidence be taken on the misconduct issue or restricted itself to the question of voluntary separation.

3. While there was some evidence of alleged misconduct on the record, the claimant did not have an opportunity to rebut that evidence. In the circumstances of this case the decision of the referee was appropriate and the trial court properly reversed the decision of the board of review.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — NOTICE — LIMITATION OF ISSUES.

A hearing before a referee of the Employment Security Commission shall be adjourned for a reasonable time if requested by either party or if a knowing and informed waiver of adjournment is obtained from the parties before evidence is taken or a decision made on any issue which is raised at the hearing but which was not included in the notice of hearing (1979 AC, R 421.1206).

2. UNEMPLOYMENT COMPENSATION — EVIDENCE.

The Employment Security Commission Board of Review may, upon the written application of a party, hear additional evidence upon issues which were not determined by the hearing referee (MCL 421.35; MSA 17.537; 1979 AC, R 421.1305).

3. UNEMPLOYMENT COMPENSATION — MISCONDUCT OF EMPLOYEE.

A series of acts may be considered as a whole in determining whether an employee has engaged in misconduct sufficient to disqualify him from unemployment benefits.

*Rock, Jarson, McKnight & Rogalla* (by *Richard C. McKnight),* for claimant.

*Harold E. Leithauser,* for Kasler Electric Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patricia L. Sherrod,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

SHEPHERD, P.J. Respondent Kasler Electric Company appeals as of right from an order entered on June 1, 1983, reversing the decision of the Michigan Employment Security Commission (MESC) Board of Review and reinstating the ruling of a referee who held that claimant was not disqualified for benefits.

Claimant was employed by Kasler until December, 1981. He applied for unemployment benefits and on February 18, 1982, MESC issued a determination which held him to be disqualified to receive benefits under MCL 421.69(2)(a); MSA 17.569(19)(2)(a), which provided:

"(2) An individual shall be disqualified for benefits, in all cases in which he or she:

"(a) Has left work voluntarily without good cause attributable to the employer or employing unit. However, if the individual has an established benefit year in effect and, during that benefit year, has left unsuitable work within 30 days after the beginning of that work, such leaving shall not be disqualifying."

The commission used the following language for its rationale for the decision: "Claimant quit his job on 12-4-81 [sic] after failure to call in and excessive tardiness." This appears to be saying that claimant quit his job because of misconduct— a conclusion which seems to defy common sense. Perhaps the confusion has its origin in the fact that in claimant's application for unemployment benefits he indicated that the reason for unemployment was "fired", whereas in the employer's response Kasler indicated that the reason for separation was "quit".

For purposes of the record, this confusion was somewhat resolved at the referee hearing by the

notice of hearing which indicated that the redetermination of the MESC was based upon "Voluntary leaving 69(2)(a). Claimant is disqualified for voluntarily leaving work without good cause attributable to the employer during the week ending 12-5-81."

Based on the above language in the notice of hearing, claimant was entitled to assume that the only issue before the referee would be whether he had voluntarily quit. This is not an unreasonable assumption given the fact that in the original response of the employer Kasler had also indicated that claimant had quit. At the referee hearing, Kasler submitted evidence demonstrating some misconduct, *e.g.,* claimant's failure to call in to inform Kasler of his illness, tardiness, claimant's "bad attitude" and his failure to return certain company tools. In addition, there was some documentary evidence that claimant made derogatory comments about the company to customers. The referee informed the employer that much of this evidence was not admissible since it was hearsay. In the referee's opinion he evaluated the evidence which had properly been admitted and concluded that the employee had involuntarily separated himself from his employment due to a medical problem and indicated that claimant was not disqualified for benefits under § 69(2)(a) of the act, *i.e.,* the section dealing with the issue of whether an employee is disqualified for voluntarily leaving work without good cause attributable to the employer. MCL 421.69(2); MSA 17.569(19)(2). That is to say, the referee based his decision on the only issue which was before him according to the notice of hearing and apparently disregarded the testimony relating to misconduct for the reason that the misconduct issue was not properly before him

and for the further reason that much of the evidence of misconduct was inadmissible hearsay.

The referee acted properly in view of Michigan Administrative Code (1979), Rule 421.1206, which indicates that if the notice of hearing has not placed the parties on notice of an issue which is raised at the referee hearing the hearing shall either be adjourned for a reasonable time if requested by either party or, in any event, evidence shall not be taken on the issue nor a decision be made thereon unless a knowing and informed waiver of adjournment is obtained from the parties.

The transcript before the referee suggests that the employer wished to present evidence on whether claimant's misconduct was sufficient to justify disqualification for benefits but the employer did not request an adjournment to allow claimant to respond to the charges. Therefore, the referee properly confined himself to determining whether claimant had voluntarily left his employment.

The employer sought review of the referee's decision under MCL 421.35; MSA 17.537, which provides in part:

"The board of review may on its own motion affirm, modify, set aside, or reverse a decision or order of a referee on the basis of the evidence previously submitted in the case; direct the taking of additional evidence; or permit a party to the decision or order to initiate further appeals before it."

Respondents argue that this statute gives the board broad powers of review and does not limit it to those issues which were determined by the referee.

The above statute and 1979 AC, R 421.1305

allow the board to hear additional evidence upon the written application of a party. In this case, Kasler wrote a letter to the board stating that it was "protest[ing] the decision of * * * [the] referee on the basis that Mr. Szypa falsified" information at the hearing "and that he left this company voluntarily". The employer still did not seek to establish the claimant had been discharged for misconduct.

Nevertheless, the board found that evidence of misconduct was present on the record sufficient to disqualify claimant under § 69(2)(b).

Claimant then sought judicial review of the board's decision under MCL 421.38; MSA 17.540, which provides that the circuit court:

"may review questions of fact and law on the record made before the referee and the board of review involved in a final order or decision of the board, and may make further orders in respect thereto as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record."

The trial court's opinion suggests that it found the board of review's decision to be contrary to law because that decision was on an issue not properly before the board. It is true that the board "may on its own motion affirm, modify, set aside or reverse" the referee, MCL 421.35; MSA 17.537, and it may also direct the taking of additional evidence. There is no restriction imposed on the board, as there is on a referee, limiting the issues which it may properly consider.

In this case, it seems to us that the board recognized that Kasler actually wished to proceed under the discharge for misconduct section. It

should again be noted, however, that Kasler's appeal to the board did not make that request. We believe that the board should have either directed that additional evidence be taken on the misconduct question or restricted itself to reviewing the referee's decision which found that claimant had not voluntarily separated himself from his employment. Claimant was, at the very least, entitled to respond to the charges of misconduct.

The trial court's opinion also found that there was no competent, material and substantial evidence on the record to support the board's decision. The opinion reads in part:

"The evidence the employer sought to introduce at the referee hearing was correctly ruled by the referee as inadmissible on the ground that it was hearsay."

An examination of the transcript reveals that there was some testimony which was ruled inadmissible because it was hearsay. For example, Kaselitz, the witness for Kasler, started to testify that claimant was seen working elsewhere on December 8 and 9, 1981. When she stated that she could produce an affidavit to that effect, the referee ruled that it was hearsay. Later, her attempt to testify to what another person had told her was also ruled inadmissible as hearsay.

Kaselitz did, however, testify to several instances of alleged misconduct that were not found inadmissible.

MESC argues that this was competent, material and substantial evidence of misconduct. It correctly argues that a series of acts may be considered as a whole in determining whether misconduct has occurred. *Miller v F W Woolworth Co,* 359 Mich 342; 102 NW2d 728 (1960); *Booker v Employment Security Comm,* 369 Mich 547; 120

NW2d 169 (1963). Indeed, the witness testified that claimant's failure to phone in on December 8 and 9 was the "straw that broke the camel's back". There was also evidence that claimant slandered the employer. See *Williams v Lakeland Convalescent Center, Inc,* 4 Mich App 477; 145 NW2d 272 (1966), which held that a claimant was properly disqualified where the misconduct on which her discharge was based included her having made slanderous remarks about her employer.

However, even though there was some admissible evidence on the record of claimant's misconduct, he did not have an opportunity to rebut that evidence. In our opinion, it would not be proper to allow this evidence to sustain the board's finding. The employer and the referee had the opportunity to adjourn the hearing to allow the employee to gather rebuttal evidence on the misconduct issue and they failed to do so. The board had the authority to remand the case for further testimony and it failed to do so. As indicated above, the employee had the right to assume that the only issue before the referee was whether he had voluntarily quit and the above-cited administrative rule prohibits the referee from making a decision on any issue which is not properly before him where no additional testimony has been presented after an appropriate adjournment.

We therefore hold that, where the notice of hearing limits itself to an issue, where neither party requests an adjournment for further development of additional issues, where the board of review does not remand for the taking of further testimony on such additional issues, and where a knowing and informed waiver of an adjournment of the referee hearing was not obtained from the parties, the decision of the referee must be limited

to the issue contained in the notice of hearing. On that basis, the only issue before the referee in this case was whether the employee voluntarily quit; the issue of misconduct was not properly before the referee; the referee's decision was appropriate based upon the admissible evidence presented to him; and the decision of the circuit court reversing the board of review was correct.

Affirmed.

No costs, a public question being involved.