CHRISTOPHERSEN v CITY OF MENOMINEE

Docket No. 72905. Submitted May 2, 1984, at Escanaba.—Decided
October 1, 1984. Leave to appeal applied for.

Warren Christophersen was employed by the City of Menominee
as a police officer when he was discharged for misconduct
resulting from a series of incidents no one of which, by itself,
was serious enough to constitute misconduct as the term is
understood in the Employment Security Act. He applied for
unemployment benefits. A hearing referee found that the inci-
dents, taken together, did constitute misconduct, thus disquali-
fying Christophersen for unemployment benefits. The Employ-
ment Security Commission Board of Review adopted the hear-
ing referee's findings of fact but held that the claimant was not
disqualified for benefits. The city appealed and the Menominee
Circuit Court, John D. Payant, J., ordered the referee's deci-
sion reinstated. Christophersen appealed. *Held:*

A finding of misconduct under the Michigan Employment
Security Act disqualifying a claimant for unemployment com-
pensation benefits may be based on a series of derelictions and
infractions, no one of which, by itself, rises to the level of
misconduct.

Affirmed.

1. Unemployment Compensation — Misconduct — Disqualifica-
   tion for Benefits.

A worker who has been discharged for misconduct connected with
the work is disqualified for unemployment compensation bene-
fits; misconduct is limited to conduct evincing such wilful or
wanton disregard of an employer's interests as is found in
deliberate violations or disregard of standards of behavior
which the employer has the right to expect of his employee, or
in carelessness or negligence of such degree or recurrence as to
manifest equal culpability, wrongful intent or evil design, or to
show an intentional and substantial disregard of the employer's

References for Points in Headnotes

[1, 2] 76 Am Jur 2d, Unemployment Compensation § 52 *et seq.*
Work-connected inefficiency or negligence as "misconduct" barring
unemployment compensation. 26 ALR3d 1356.

interests or of the employee's duties and obligations to his employer; mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute (MCL 421.69[2][b]; MSA 17.569[19][2][b], now MCL 429.29[1][b]; MSA 17.531[1][b]).

2. UNEMPLOYMENT COMPENSATION — MISCONDUCT — DISQUALIFICATION FOR BENEFITS.

A finding of misconduct under the Michigan Employment Security Act disqualifying a claimant for unemployment compensation benefits may be based on a series of derelictions and infractions, no one of which, by itself, rises to the level of misconduct (MCL 421.69[2][b]; MSA 17.569[19][2][b], now MCL 429.29[1][b]; MSA 17.531[1][b]).

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Timothy F. Cain*), for Christophersen.

*Doyle, Ladd & Philipps, P.C.* (by *Thomas A. Ladd*), for City of Menominee.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *David A. Vogues,* Assistant Attorney General, for the Employment Security Commission.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. B. SULLIVAN,* JJ.

J. B. SULLIVAN, J. Claimant, Warren Christophersen, was denied unemployment compensation benefits because his discharge was for misconduct connected with his work. On claimant's appeal, the Michigan Employment Security Commission (MESC) referee held claimant disqualified for benefits under § 69(2)(b) of the Michigan Employment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Security Act (MESA), MCL 421.69(2)(b); MSA 17.569(19)(2)(b), current version at MCL 421.29(1)(b); MSA 17.531(1)(b). The MESC Board of Review adopted the referee's findings of fact but reversed the referee's decision disqualifying claimant. The Menominee County Circuit Court reversed the board of review and ordered that the referee's decision be reinstated. Claimant now appeals as of right to this Court.

Claimant Christophersen was employed for 16 years by the City of Menominee Police Department as a patrolman, sergeant, and captain. His termination was the culmination of a series of reprimands and demotions. The referee found the following four events in 1981 relevant to the misconduct issue: on May 26, 1981, claimant was reprimanded for failure to complete and turn in paperwork on three occasions; on June 5, 1981, claimant was reprimanded and demoted for withholding information from the chief of police concerning a criminal matter and then, after 30 days, turning it directly over to the Menominee County Prosecuting Attorney despite orders not to interfere with the criminal investigation; on June 12, 1981, claimant was given a written reprimand and three-day suspension for bypassing the chain of command; and on November 13, 1981, claimant was given a written reprimand and termination for stopping five motorists and issuing tickets for a missing headlight when there had been an absence of such strict enforcement in the past, and singling out one of the motorists ticketed and telling him that he had quotas to meet and showing him a "quota" memorandum.

The referee found that, although no single incident in 1981 rose to the level of "misconduct", the series of incidents, taken together, did constitute

"misconduct". The referee stated that it was apparent that claimant was in conflict with the police chief and other command officers. The circuit court agreed with the referee.

The board of review, on the other hand, adopted the referee's findings of fact but concluded that claimant's derelictions and infractions did not constitute "misconduct" under the statute. The board of review, relying on *Giddens v Employment Security Comm,* 4 Mich App 526; 145 NW2d 294 (1966), required that the final act preceding discharge be of itself sufficient to constitute misconduct.

The scope of review of MESC decisions is well established. This Court may reverse an order of the MESC referee or appeal board only if it is contrary to law or unsupported by competent, material, and substantial evidence on the whole record. MCL 421.38; MSA 17.540.

Claimant was found disqualified for benefits under § 69(2)(b) of the MESA, which provided in pertinent part:

"(2) An individual shall be disqualified for benefits, in all cases in which he or she:

\*   \*   \*

"(b) Has been discharged for misconduct connected with his or her work, or for intoxication while at work unless the discharge has subsequently been reduced to a disciplinary layoff or suspension." MCL 421.69(2)(b); MSA 17.569(19)(2)(b), current version at MCL 421.29(1)(b); MSA 17.531(1)(b).

In *Carter v Employment Security Comm,* 364 Mich 538; 111 NW2d 817 (1966), the Supreme Court adopted the following definition of misconduct:

"The term 'misconduct' \* \* \* is limited to conduct *evincing such wilful or wanton disregard of an employ-*

*er's interests* as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfacotry conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute." 364 Mich 541 [quoting *Boynton Cab Co v Neubeck,* 237 Wis 249, 259-260; 296 NW 636 (1941)]. (Emphasis supplied.)

The question presented on appeal is one of law and asks whether a finding of "misconduct" under the statute may be based on a series of derelictions and infractions, no one by itself rising to the level of "misconduct". This Court answers this question in the affirmative.

In *Giddens v Employment Security Comm,* 4 Mich App 526; 145 NW2d 294 (1966), the Court stated:

"A review of the entire record, including numerous disciplinary lay-offs finally culminating in a 'last chance' statement, does not persuade us that the findings of the appeal board are contrary to the great weight of evidence. We find further that the requirements of *Miller, supra,* are satisfied.

"A definitive interpretation of *Miller* is found in a more recent case of *Booker v Employment Security Comm,* 369 Mich 547; 120 NW2d 169 (1963), wherein Mr. Chief Justice KAVANAGH stated, *'The final incident that resulted in claimant's discharge was one of a series of acts evincing a wilful disregard of his employer's interests. Misconduct within the meaning of the statute*

*may consist of a series of incidents as well as a single incident.'*

"We find no mandate that the incident ultimately resulting in discharge must be closely allied in time or tenor. There is no requirement they all be of the same nature or the same type of infraction of rules. Indeed, if we were to sum up the latitude to be permitted an employer in dealing with a recalcitrant employee who has consistently demonstrated disregard for the employer's interests, we might call it a 'last straw' doctrine in which the final infraction, though unrelated to previous infractions, is of such a nature that it demonstrates conclusively the employee's utter disregard for the employer's interests." 4 Mich App 534-535. (Emphasis supplied.)

This Court interprets the foregoing language of *Giddens,* which is at the center of this controversy, to mean that "misconduct" is established if the series of acts under scrutiny, *considered together,* evince a wilful disregard of the employer's interests. Because of the imprecision in the *Giddens* Court's use of language there is, in fact, room for argument that the focus is on the last incident preceding discharge, which by itself must constitute "misconduct"; nevertheless, it is clear to this Court that such an interpretation was never intended by the *Giddens* Court or the Legislature. To hold otherwise would allow for unemployment compensation under circumstances where an individual engages in an infinite number of workplace infractions, thereby causing strife in the workplace and justifying discharge. Allowing for compensation under these circumstances is at odds with the declared policy of the MESA to benefit persons unemployed through no fault of their own. MCL 421.2; MSA 17.502, Thus, the circuit court correctly held that the decision of the board of review was contrary to law.

Furthermore, the circuit court also examined the entire file in regard to the facts as determined by the referee and adopted by the board and *correctly* found that there was sufficient, competent, and substantial evidence on the whole record to support the referee's decision in determining that the four incidents considered collectively constituted "misconduct" under the statute.

Affirmed.