WATSON v HOLT PUBLIC SCHOOLS

Docket No. 92348. Submitted January 14, 1987, at Lansing. Decided March 26, 1987.

Paul T. Watson was discharged from his employment as a custodian for Holt Public Schools. Watson filed a claim for unemployment compensation benefits, which a Michigan Employment Security Commission referee denied. The MESC board of review upheld the referee's determination that claimant was disqualified for benefits on the basis of misconduct. On appeal, the Ingham Circuit Court, Carolyn Stell, J., reversed the MESC's determination. Holt Public Schools appealed.

The Court of Appeals *held:*

Work-connected misconduct is conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of employees. In this case, there was sufficient, competent, material, and substantial evidence on the whole record to support the MESC's determination that claimant's actions constituted misconduct. Claimant was reprimanded eight times, one of which was for leaving early without permission. Despite these warnings, he left work early without permission a second time. This act was in deliberate violation of the standards of conduct which his employer had a right to expect.

Reversed.

1. UNEMPLOYMENT COMPENSATION — MISCONDUCT — DISQUALIFICATION FOR BENEFITS.

The term "misconduct," as used in connection with disqualification of an employee for unemployment compensation benefits, is limited to conduct evincing such wilful or wanton disregard

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 52-58.

Discharge for absenteeism or tardiness as affecting right to unemployment compensation. 58 ALR3d 674.

Work-connected inefficiency or negligence as "misconduct" barring unemployment compensation. 26 ALR3d 1356.

Employee's insubordination as barring unemployment compensation. 26 ALR3d 1333.

of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer (MCL 429.29[1][b]; MSA 17.531[1][b]).

2. UNEMPLOYMENT COMPENSATION — MISCONDUCT — DISQUALIFICA-
TION FOR BENEFITS.

A finding of misconduct under the Michigan Employment Security Act disqualifying a claimant for unemployment compensation benefits may be based on a series of infractions, no one of which, by itself, rises to the level of misconduct (MCL 429.29[1][b]; MSA 17.531[1][b]).

*Sablich, Clinton & Zolkowski, P.C.* (by *Donald Waldron, Jr.*), for Paul T. Watson.

*Miller, Johnson, Snell & Cummiskey* (by *W. Scott Szpara*), for Holt Public Schools.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Catherine M. Fleming,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and G. W. CROCKETT, III,* JJ.

PER CURIAM. Holt Public Schools appeals as of right from the Ingham Circuit Court's reversal of the Michigan Employment Security Commission's determination that claimant, Paul T. Watson, was disqualified from receiving unemployment benefits under MCL 421.29(1)(b); MSA 17.531(1)(b). We reverse.

Claimant worked as a custodian for Holt Public Schools. Between May 27, 1982, and September 7,

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

1984, he received eight reprimands, most of which were for unsatisfactory work performance. One of the reprimands was for leaving 2½ hours early. Claimant admitted that he left work early on the day in question, but gave as a reason his belief that he had some compensation time coming. At that time, claimant was informed that he must get permission to leave early. Custodial employees do not sign in or punch time clocks. They work on an honor system.

In December, 1983, the principal of the school to which claimant was assigned complained to the physical plant supervisor for the school district that claimant was leaving work early. In order to confirm the complaint, the supervisor went to the school and arrived at 11:15 P.M., forty-five minutes before claimant's shift ended. Initially, he was unable to find claimant. At about 11:45 P.M., he saw claimant drive away. This was fifteen minutes before the shift ended. The next day, the supervisor confronted claimant about leaving early. Claimannt denied leaving early and he was suspended pending a hearing. Following the disciplinary hearing, claimant was discharged on the basis of his second offense for leaving work early and in consideration of his prior, unsatisfactory work record.

Claimant filed a grievance with the MESC. The referee found that claimant left work early on December 12, 1984, and that this act, together with his prior disciplinary record, evinced a wilful, wanton, and total disregard of the employer's interests, constituting statutory misconduct under Michigan law. The MESC board of review upheld that decision.

The circuit court reversed the MESC's determination and found that leaving work fifteen minutes early, even in the context of prior disciplinary

problems, did not meet the high standard of misconduct which would disqualify an employee from receiving unemployment benefits.

The scope of review for MESC decisions is well-established. An order of the MESC referee or appeal board will be reversed only if it is contrary to law or unsupported by competent, material, and substantial evidence on the whole record. MCL 421.38; MSA 17.540.

An individual is disqualified from benefits if he or she was discharged for misconduct connected with his or her work. MCL 421.29(1)(b); MSA 17.531(1)(b). The Supreme Court has adopted the following definition of misconduct:

> The term "misconduct" . . . is limited to conduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute. [*Parks v Employment Security Comm,* 427 Mich 224, 237; 398 NW2d 275 (1986), quoting *Carter v MESC,* 364 Mich 538, 541; 111 NW2d 817 (1961).]

In *Parks* the Court also uses the term "intentional" when describing wilful disregard. 427 Mich 240.

A finding of "misconduct" under the statute may

be based on a series of infractions, even though no one by itself would rise to the level of "misconduct." *Christophersen v Menominee,* 137 Mich App 776, 780; 359 NW2d 563 (1984), lv den 422 Mich 876 (1985); *Giddens v Employment Security Comm,* 4 Mich App 526, 534-535; 145 NW2d 294 (1966).

We find that there was sufficient, competent, material, and substantial evidence on the whole record to support the MESC's determination that the incidents mentioned above, considered collectively, constituted "misconduct" under the statute. Claimant was reprimanded eight times, one of which was for leaving work early without permission. Despite these warnings, he left work early without permission a second time. This act was in deliberate violation of the standards of conduct which his employer had a right to expect. Furthermore, leaving work early when his work performance was unsatisfactory is evidence of a disregard for the interest of his employer and for his duties. Accordingly, the circuit court is reversed and the MESC's decision is reinstated.

Reversed.